CONSUELO PÉREZ, Plaintiff and Appellant, v. SUCCESSORS OF MANUEL PÉREZ & Co., Defendant and Appellee.

No. 5010.  Argued March 13, 1930.—Decided February 17, 1931.

*Juan B. Soto* and *C. M. Pesquera* for appellant.  *Salvador Suau* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The question presented in this case is whether a judicial administrator may bring an action for damages alleged to have arisen by negligence causing the death of the intestate person. The court below decided that he could not. The appellant relies principally on section 61 of the Code of Civil Procedure, as follows:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section such damages may be given as under all the circumstances of the case may be just."

We have already decided in several cases *Carbou* v. *Mir,* 36 P.R.R. 728, and *Orta* v. *P. R. Railway, Lt. & P. Co.,* 36 P.R.R. 668, that the real sources of an action of damages in Puerto Rico are sections 1803 *et seq.* of the Civil Code.

To a certain extent section 61 is copied into our Code of Civil Procedure without much necessity therefor. In the United States where the common law prevailed the principle of *actio personalis moritur cum persona* prevailed. Hence, statutes like section 61 generally derived from Lord Campbell's Act have been enacted. In Puerto Rico we have held that the principle, *supra,* is not applicable. *P. R. Ry. Lt. & P. Co.* v. *District Court,* 38 P.R.R. 305.

If, however, we took the words of section 61 literally in Puerto Rico, the personal representatives of a deceased person are the heirs. In the United States the word "heirs" generally applies only to those who take the real estate. Administrators and executors in the United States fully represent the deceased, not only for settling the debts and the like, but for the collection and distribution of the personal property belonging to the decedent. In Puerto Rico the principle of universal succession in a modified form applies and the heirs represent the decedent from the moment of the death and are entitled to all the property. Administration in Puerto Rico is for limited purposes and ceases when a declaration of heirship is made. *Pérez* v. *Zeda,* 35 P.R.R. 303.

In certain cases perhaps a judicial administrator might bring an action, especially if necessary to pay debts, or in the absence of the necessary heirs, but the exceptional case, if it exists, should appear in the complaint. Otherwise the heirs have an exclusive right to bring a suit arising by negligent action of a person in causing the death of the ancestor.

The judgment appealed from will be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented.